UTICA,
October, 1822.

TUTHILL
v.
DAVIS.

TUTHILL *against* DAVIS.

THIS was an action of *assumpsit* on a promissory note,
made by the defendant to *Abner Cunningham,* and by him
indorsed to the plaintiff. The cause was tried at the *Orange*
circuit, in *April* last. After the signatures of the maker
and indorser were proved, *A. Cunningham,* the indorser,
was called by the defendant's counsel as a witness. The
plaintiff's counsel objected to his competency ; but he was
witness to the plaintiff, and on which two notes the plaintiff had received more than the legal
interest.

An *indorser*
of a promisso-
ry note, in a
suit against
the maker, is a
competent wit-
ness, to prove
that it was gi-
ven to the
plaintiff to
take up two
other notes in-
dorsed by the

A mere change of securities for the same usurious loan, to the same party who received the
usury, or to a person having notice of the usury, does not purge the original illegal considera-
tion, so as to give a right of action on the new security. As where a new note, without any
new consideration, is given to take up a note in the hands of the original party to the usurious
contract, it is tainted by the illegal consideration of the first note.

VOL. XX. 37

admitted by the Judge, and stated, that the note in question was given to take up a former note made by *Nathaniel Sands* to him, and indorsed to the plaintiff, and also a note made by *James Cunningham* to him, and indorsed to the plaintiff, on which notes five per cent. above the legal interest was taken by him, though no new or additional premium was taken on making the note in question. That the two notes above mentioned were prosecuted by *James Everett*, the attorney of the plaintiff, against the makers; and the witness, acting for himself and the defendants, delivered the note in question either to the plaintiff or *E.*, in settlement of those suits. The plaintiff's counsel then produced an account stated, in which the note in question, annexed to the account, was received in part payment of judgments against *James Cunningham* and *Nathaniel Sands*; and on which account, signed by *John Everett* for *James Everett*, was a certificate by *J. E.* that the note annexed was the same referred to in the account, and was received in part payment of the judgments mentioned in the account. The defendant's counsel objected to the evidence, on the ground that the records of the judgments mentioned in the account ought to be produced; and the Judge on that ground rejected the evidence, and directed a verdict for the defendant.

It was agreed, that if the Court should be of opinion that *Abner Cunningham*, the indorser, was properly admitted as a witness, and that the account and certificate of *John Everett* were properly rejected, the verdict was to stand; otherwise, a new trial was to be granted.

*Jackson* and *Case*, for the plaintiff.

*Wisner*, for the defendant.

PLATT, J. delivered the opinion of the Court.

In regard to the admissibility of *Cunningham*, the *indorser*, as a witness for the defendant, I have no doubt that he was competent, and was properly admitted. His testimony went to prove, that after he had indorsed the first notes, they were used to obtain an usurious loan, by passing them to the plaintiff, who was himself the usurer, and of course

had notice that those notes were infected when he so received them. If the decision in the case of *Winton* v. *Saidler* (3 *Johns. Cas.* 185.) be still considered as sound law, it has no application to this case: there, the plaintiff was a *bona fide* holder, for valuable consideration, without notice of the previous usury between the former parties to the note. *Skelding* v. *Haight*, (15 *Johns. Rep.* 275.) and *Powell* v. *Waters*, (17 *Johns. Rep.* 176.) give the rule for this case.

As it appears, by the testimony of *Cunningham*, that the note now in question was given to renew and take up the former usurious notes, then in the hands of the plaintiff, the original party to the usurious contract, without any new consideration, but including the *extortionate interest* of the original loan, this last note is equally infected, and of the same illegitimate progeny as the first notes; and a mere change of securities, for the same usurious loan, to the same party who committed the usury, or to a party who had notice of it, can never purge the original consideration, or give a right of action. In *Cuthbert, &c.* v. *Haley*, (8 *Term Rep.* 390.) it was decided, that if *A.* for an usurious consideration give his note to *B.*, who transfers it to *C.* for a valuable consideration, without notice of the usury, and afterwards *A.* gives a bond to *C.* for the amount of the note, the bond is good. I recognise that case as sound law: and the *pivot* on which it turned was, that the new security was given to a *bona fide assignee*, who had paid a valuable consideration for the usurious note, without notice of the usury. *Ellis* v. *Wares* (*Cro. Jac.* 33.) also supports the same doctrine.

But in this case, the plaintiff attempted to prove that judgment had been rendered in an action on the original notes, in order to show a *new consideration* for the last note. If this had been proved, it would have protected the plaintiff in this suit; because, after a regular judgment in an *adverse* suit, all parties are precluded from an allegation of usury in the contract on which such judgment has been rendered. The right to recover in this action depended, therefore, on the fact, whether a judgment had been obtained in the suit on the first notes; and there is no ground for

UTICA,
October, 1822.

contending that the mere certificate of *John Everett* was competent evidence of that fact. An exemplified copy of the judgment was undoubtedly the proper evidence. The Judge at the Circuit, in my opinion, ruled correctly on both points ; and the defendant is, therefore, entitled to judgment on the verdict in his favour.

Judgment for the defendant.