### ALDRICH vs. REYNOLDS.

To render a contract usurious, both parties must be cognizant of the facts whicn constitute the usury.

If a bona fide holder of a negotiable note which was tainted with usury in the hands of the original payee, receives from the maker a new security for the debt and gives up the note, without any knowledge of the usury, the security which he takes in lieu of it is not usurious.

THIS was a motion to dissolve an injunction upon bill and answer. The object of the injunction was to stay the defen-

dant from proceeding at law to foreclose a mortgage under the statute, upon the ground of alleged usury in the mortgage. The bill charged that a part of the consideration of the mortgage was an usurious negotiable note given by the complainant to T. Ells, and endorsed by the latter and sold to the defendant. The defendant denied that he had any notice of the alleged usury in the note; and insisted that he was a bona fide holder of the note, for a valuable consideration; that he subsequently got it discounted at the bank, and the note not being paid when it became due, Ells and himself were duly charged as endorsers; together with another endorser whose endorsement Ells had procured previous to the sale of the note to the complainant.

*S. P. Nash,* for the complainant.

*O. L. Barbour,* for the defendant.

The Chancellor. If the statement in the answer is true, and it must be taken to be so upon this application, this mortgage is not usurious, although the money secured by it includes the usurious premium which was originally embraced in the note to Ells. To render a contract usurious, both parties to the contract must be cognizant of the facts which constitute the usury. And if a bona fide holder of a negotiable note, which was tainted with usury in the hands of the original payee, receives from the maker a new security for the debt, and gives up the note, without any knowledge of the usury, the security which he takes in lieu of it is not usurious. (*Cuthbert* v. *Haley,* 8 *T. R.* 390.) It is true the defendant could not have recovered against the maker of the note, in this case, upon the original contract; which was void even in the hands of a bona fide holder. But he had a perfect right to recover the amount of the note against Ells or the other endorser. And it was entirely immaterial whether the defendant paid the money to the bank, himself, and then discharged the endorsers by giving up the note to the complainant upon the receipt of the new security, or lent the money to the complainant to take up his note, at the bank, as is

---
Coope v. Lowerre.
---

stated in the answer of the defendant. For, in either event, the original liability of the endorsers would be discharged, and the defendant must rely upon his bond and mortgage alone for the recovery of his debt.

The bond and mortgage, given to a stranger to the original contract, not being subject to the charge of usury on account of the extra premium which was inserted in the note given to Ells, and all the other charges of usury stated in the complainant's bill being fully met by a positive denial in the answer of the defendant, the motion to dissolve the injunction must be granted. And the costs of this application are to abide the event of the suit.