## VICKERY *vs.* F. DICKSON.

Any security given in payment or discharge of an usurious security is equally void with the original. The original taint of usury attaches to all consecutive obligations and securities growing out of the original vicious transaction.

A new security of the borrower, for the same debt secured by an usurious mortgage, would be vitiated by the usury; and the obligation of a third person stands upon no better foundation.

D. executed his mortgage, to secure the payment of a usurious loan. Subsequently the defendant, at the request of D. and without any consideration therefor, made and executed a mortgage upon his land, to the lender, as a substitute for the mortgage of D. which was given up and canceled. *Held* that the mortgage of the defendant was void for usury.

APPEAL from a judgment on the report of a referee. The action was to foreclose a mortgage, and was defended on the ground that the mortgage was usurious, and also on the ground that the mortgagor, (the defendant,) at the time of its execution, was *non compos mentis*.

*W. Porter*, for the appellant.

*M. Smith*, for the respondent.

*By the Court*, ALLEN, J. Upon the trial the defendant, who is the mortgagor, offered to prove the facts set forth in his answer, and insisted that if proved, they established the defense of usury. The plaintiff objected to the evidence, on the ground that the facts stated in the answer did not show the defendant a borrower, or surety, for John W. Dickson, (who was the borrower.) The referee decided that the answer was not sufficient to make out a case of usury, and sustained the objection. The answer set forth a usury loan to John W. Dickson, secured by his bond and mortgage for twelve hundred dollars, dated November 1st, 1857, and then averred in substance, that on the 20th of March, 1858, the defendant, at the special instance and request of the said John W. Dickson and without any consideration therefor,

executed and delivered to the plaintiff his bond secured by mortgage upon an undivided fifth part of certain premises, for the same amount, in lieu of the bond and mortgage of John W. Dickson, which was delivered up to the said John W. Dickson and canceled; and that the defendant received no consideration whatever for giving this bond and mortgage, which was well known to the plaintiff; and that the mortgage in suit, upon a partition of the mortgaged premises, was executed upon the portion allotted to the defendant in severalty, as a substitute for and in lieu of the mortgage upon the undivided share, and without any new consideration. If the defendant's contract was usurious, he alone, or one in privity with him, could take advantage of it. There can be no want of privity to the usurious contract which would prevent the party making it, and becoming personally bound or pledging his property to its payment, from alleging the usury. A party making the contract, or one standing in legal privity with him, may set up the usury. (*Dix* v. *Van Wyck*, 2 *Hill*, 522.) The party bound for the payment of a usurious debt, upon no other consideration than such debt, is either a principal or surety, and in either capacity is entitled to the benefit of the defense. A party becoming the owner of property by operation of law, may contest the validity of a prior lien upon it, upon the ground of usury. (*Dix* v. *Van Wyck*, *supra*. *Post* v. *Dart*, 8 *Paige*, 639.) Not so, however, when the party merely purchases the equity of redemption. (*De Wolf* v. *Johnson*, 10 *Wheat*. 367. *Sands* v. *Church*, 2 *Seld*. 347.) So if a party becomes bound for the payment of a usurious debt, upon a new consideration untainted by usury, his contract will not be tainted with the original usury. If the defendant here had executed the mortgage to the plaintiff upon a new consideration, either as between himself and the plaintiff, or himself and the original borrower, so that in paying the debt he would but pay and discharge his own obligation incurred upon a legal consideration, his mortgage would be good. For example, if, upon a good consideration as between

the defendant and John W. Dickson, the former had assumed the payment of the plaintiff's debt in discharge of John W. Dickson, he would not be permitted to avail himself of the usury. But if, on the contrary, there was no consideration to uphold his engagement and his mortgage, other than the usurious loan to John W. Dickson, and his usurious mortgage canceled and given up, the defense of usury is available to the defendant. The answer and the offer of proof was, that the defendant gave his mortgage without any consideration whatever, and at the request of John W. Dickson, as a substitute for the bond and mortgage of the latter. This made him the surety of the original borrower; but whether it did or not, the bond and mortgage given by him have to rest, for a consideration, upon the loan and mortgage which are confessedly usurious. The rule is, that any security given in payment or discharge of an usurious security, is equally void with that. (*Pars. on Cont.* 396.) The original taint of usury attaches to all consecutive obligations and securities growing out of the original vicious transaction, and none of the descendant obligations, however remote, can be free of the taint, if the descent can be fairly traced. (*Dunning* v. *Merrill,* 1 *Clark's C. R.* 252.) It would not have been questioned that the mortgage of the defendant would have been void for usury, if it had been given upon the making of the loan and to secure its repayment, and as an original security. And the statute of usury would be very easily evaded if a security of a third person, taken a few days or a few months after the loan, in lieu of the obligation of the borrower, would be valid. A new security of the borrower for the same debt would have been vitiated by the usury, and the obligation of a third person stands upon no better foundation. *Harrison* v. *Hannel* (5 *Taunt.* 780) was this: A. being indebted to the plaintiff in £90, and £20 upon illegal consideration, and in a larger sum on usurious loans, in consideration of the plaintiff advancing him £150 more, on legal interest, procured him the de-

Vickery *v.* Dickson.

fendant's acceptances for £100, £100 and £50 for securing the whole balance due from A. to the plaintiff : and it was held that these bills were tainted by the usurious transaction, and could not be enforced against the defendant, the acceptor, to the extent of the debts untainted by usury. Heath, J. says : " Suppose these acceptances had been given by the son instead of the father. There could be no doubt that they would have extended to the whole, and therefore would be void. And if the giving these acceptances by the father could alter the case, it would be a shift or device by which the statutes of usury would be defeated." That the defendant's mortgage was a security given for the usurious loan is plainly alleged, and was given upon no other consideration and to secure no other debt. And it is declared in all the books that every subsequent security given for a loan originally usurious, however remote or often renewed, is void. (*Wallace* v. *Bank of Washington,* 3 *How.* 62.) A change of security, either as to character, form or parties, does not purge the illegal consideration, so as to give a right of action on the new security, as where a new note without any new consideration was given by a third person, a stranger, to take up a note in the hands of the original party to the usurious contract, it is tainted by the illegal consideration of the first note. (*Tuthill* v. *Davis,* 20 *John.* 285.) That the new security was a mortgage rather than a note cannot affect the question. Neither the renewal of an old nor substitution of a new security, between the same parties, can efface usury, nor further security, nor a guaranty given subsequently by a stranger. (*Brinckerhoff* v. *Foote,* 1 *Hoff.* 291. *Bullock* v. *Boyd, Id.* 294. *And see expressly, by Hoffman, V. Ch. at pages* 306, 7 *and* 8.) In *Bridge* v. *Hubbard,* (15 *Mass. Rep.* 96,) which was an action upon a note given in place of the borrower's note given up, Parker, Ch. J. says, "it is true that the borrower's name does not appear upon this note ; but we cannot perceive that this circumstance is essential when the object and views of the party for whose use the

note was made are such as appear in the report of the case. That the parties liable on the note were not privy to the usurious bargain is not a fact of importance, if the true destination of the note was to secure such a bargain made by others for the use of him who was to reap the fruits of the bargain." (*And see Steele* v. *Whipple,* 21 *Wend.* 103; *Powell* v. *Waters,* 8 *Cowen,* 669, 691, 692; *Reed* v. *Smith,* 9 *id.* 647.) Upon the facts alleged in the answer, the mortgage of the defendant was void for usury; and having come to this conclusion, I am relieved from considering the other questions made.

The judgment must be reversed, and a new trial granted, costs to abide the event.

[ONONDAGA GENERAL TERM, April 8, 1861. *Bacon, Allen, Mullin* and *Morgan,* Justices.]