## HAWKS *vs.* WEAVER and TOMPKINS.

In an action upon a promissory note, made by the defendants, by which they jointly and severally promised to pay B. or bearer $300, three days after date, the defense was that the note was given for the benefit of the plaintiff, and in performance of a usurious transaction, which made the note usurious and void. The evidence showed that the plaintiff purchased of the defendants, for $280, a note of $300, made by the defendant T. and indorsed by the defendant W. and also by another person. That note was made for the purpose of raising money upon it. When it was nearly due, the defendants made the note in suit, and the plaintiff wrote upon it a guaranty of the payment and collection thereof. This note was delivered to B. the payee therein named, who paid to the defendants the full amount thereof, in money, less the interest for the time it had to run; i. e. B. lent the defendants the amount of money specified in the note, less the interest which the note would have drawn if it had been made payable with interest. The plaintiff paid the amount of that note to B. before it became due, and received it from him. The defendants paid the money to the plaintiff which they borrowed of B. in satisfaction of the first mentioned note, and insisted that the plaintiff paid the same identical money to B. for the note in suit.

*Held* 1. That B. had the right to deduct the interest on the note in suit, for the time it had to run, because the note did not in terms draw interest.

2. That the transaction was free from usury, as between B. and the defendants, and the note was valid in the hands of B.; and that if he had kept it he could have maintained an action upon the guaranty, against the plaintiff.

3. That granting that the note sued on was made at the request of the plaintiff, and negotiated at his request, to B. by the defendants, and that the money

Hawks *v.* Weaver.

which the latter obtained on it, of B., was paid by them to the plaintiff, in satisfaction of a note made by one of the defendants and indorsed by the other, which was void for usury, in the plaintiff's hands, the transaction did not make the note in suit usurious or void when it came into the plaintiff's hands.

4. That, being valid in its inception, and when it was first negotiated, such note remained valid, and the defendants had no defense to it.

THIS action was brought upon a promissory note made by the defendants in the words and figures following, to wit:

"$300. For value received, we jointly and severally promise to pay Duncan Ballantine or bearer, three hundred dollars, three days from date. Dated Andes, May 16, 1861.

(Signed)      WILLIAM WEAVER,

NELSON TOMPKINS."

The defense was that the note was given for the benefit of the plaintiff, and in performance of an usurious transaction, which made the note usurious and void. The action was tried before a referee. The evidence showed that the plaintiff, in the first place, purchased a note for $300, of the defendants, or of one of them, for $280, in January, 1861, which last mentioned note was signed by the defendant Tompkins, and indorsed by the defendant Weaver, and also by Cyrus Burr. That note was made for the purpose of raising money upon it. But there was some evidence that tended to show that the defendant Weaver represented to the plaintiff, when the latter bought it, that it was given for a balance of account which the defendant Tompkins owed him, Weaver. This evidence was strongly contradicted. When the note, which the plaintiff had purchased as aforesaid, was nearly due, the defendants made the note in suit, above set forth, and the plaintiff wrote the following guaranty thereon, viz: "For value received, I do hereby guarantee the payment and collection of the within note.

(Signed)      DANIEL HAWKS."

This note was delivered to Ballantine, the payee therein named, who paid to the defendants, or to one of them, the

full amount thereof in money, less the interest for the time it had to run ; i. e. Ballantine lent the defendants the amount of money specified in this note, less the interest which the note would have drawn if it had been made payable with interest.

The plaintiff paid this note to Ballantine before it became due and received it from him. The defendants paid the money to the plaintiff which they borrowed of Ballantine, in satisfaction of the note they or one of them sold to the plaintiff, as above stated ; and they contended at the trial, and insist upon this appeal, that the plaintiff paid the identical same money to Ballantine for the note in suit.

The referee found that the note which the plaintiff purchased, as aforesaid, was valid ; and that the defendants paid it to the plaintiff with the money they borrowed of Ballantine on the note in suit ; and that the plaintiff having paid the note in suit to Ballantine, and taken it from him, was the sole owner of the same, and was entitled to recover the amount due thereon, viz. $358.15.

After judgment was entered on the report, against the defendants, they appealed therefrom to the general term of this court.

*William Gleason,* for the plaintiff.

*John Grant* and *William Murray, Jr.* for the defendants.

*By the Court,* BALCOM, J. The note in suit was given to Ballantine for money which he lent to the defendants thereon ; and the former paid to the latter the full amount of the note, less the interest on such amount for the time the note had to run. Ballantine had the right to deduct the interest, because the note did not, in terms, draw interest. The transaction was free from usury, as between Ballantine and the defendants, and the note was clearly valid in the hands of the former ; and if he had kept it, he could have maintained an action upon it against the defendants ; or he could have

maintained an action upon the guaranty of the payment of it against the plaintiff.

Granting that this note was made at the request of the plaintiff and negotiated at his request to Ballantine by the defendants ; and that the money the latter obtained on it of Ballantine was paid by them to the plaintiff, in satifaction of a note against one of the defendants that was indorsed by the other, which was void for usury in the plaintiff's hands, the transaction did not make the note in suit against the defendants usurious or void, when it came into the plaintiff's hands. Being valid in its inception, and when it was first negotiated, it remained valid, and the defendants had no defense to it.

It is unnecessary to examine any other question in the case. The judgment in the action should be affirmed, with costs.

So decided.

