GUILFORD R. WILSON and another, Executors, &c., Respondents, v. MINERVA HARVEY, Executrix, impleaded, &c., Appellant.

(GENERAL TERM, FOURTH DEPARTMENT, SEPTEMBER, 1871.)

No rule of law makes it unlawful, or usurious, to loan a borrower money to pay the usurious debt of such borrower to another.

The plaintiffs' testator loaned his individual funds to the defendant's testator, on bond and mortgage, with knowledge that the money was borrowed to pay the borrower's notes due to a bank, of which the lender was president and financial officer, but without any agreement in that respect, and it was used for that purpose. In an action to enforce the bond and mortgage, — *Held*, that the defendant could not defend on the ground of alleged usurious consideration taken by the bank on negotiating the notes.

THIS was an appeal by the defendant from a judgment in favor of the plaintiffs, entered on the report of a referee.

The action was brought upon a bond and mortgage given by the defendant's testator, during his lifetime, for foreclosure and sale of the mortgaged premises, and the recovery of any deficiency which might remain upon the bond. The defendant alleged that the bond and mortgage were, by reason of certain facts set forth in the answer, void for usury. The referee found the execution and delivery of the mortgage to the defendant's testator, and default in payment thereof, and gave judgment for the plaintiffs, as claimed in the complaint.

The referee also found that, at the date of the mortgage, the Bank of Attica, of which the defendant's testator was then

president and financial officer, held three notes of the defendant's testator discounted by the bank, and which were then unpaid; that the defendant's testator received from the plaintiffs' testator, upon delivery of the bond and mortgage, as the consideration thereof, a check of the defendant's testator, and immediately applied the same in payment of, or for the purpose of taking up, the notes. There was evidence tending to show that the notes were usurious; but the referee refused to find upon the question of usury, and also refused to pass upon evidence claimed to show an agreement between the mortgagor and mortgagee that the money loaned upon the mortgage should be paid to the Attica bank for the purpose of taking up the notes. It was also found by the referee that, at the time of the loan upon bond and mortgage, the mortgagee knew that the money borrowed was to be applied to payment of the notes. Exceptions were duly taken from the report and the judgment appealed from.

*Lewis & Gurney*, for the appellant.

*John Ganson*, for the respondents.

Present — MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court — JOHNSON, J. The mortgage which the action was brought to foreclose was given, as the referee finds to secure the payment of a sum of money of the same amount loaned by one Rich to the defendant's testator, in his lifetime. In regard to this fact, there seems to be no dispute, or ground for dispute. The defence is usury. It is claimed, on the part of the defendant, that the loan was made by Rich to the defendant's testator to enable the latter to pay off and take up certain usurious notes which he had, before that time, made, and which had been discounted by the Bank of Attica, of which Rich was president and financial officer, and which notes said bank then held and owned. The referee found, as matter of fact, that said Rich loaned his own individual money, and

Wilson *v.* Harvey.

took therefor the bond and mortgage in question, to secure its payment; that, at the time of said loan, the mortgagor was indebted to the Bank of Attica; that Rich was a stockholder in said bank, and president thereof; and that he had notice, at the time of making such loan, that the mortgagor intended to use the money, so loaned, in payment of his indebtedness to such bank, and that he did so apply the same. But the referee refused to find that there was any agreement between Rich and the mortgagor that the money loaned should be so applied, and also refused to find anything in respect to the usurious character of the indebtedness of the mortgagor to the bank, on the ground that it was immaterial whether such indebtedness was infected with usury or not. There is no evidence in the case to warrant a finding that there was an express agreement between Rich and the mortgagor that the money loaned should be used to pay the bank debt. It does appear, as the referee has found, that it was understood between them that the mortgagor intended to use the money in that way, and that it was so used. Upon this state of facts, it was entirely immaterial whether the notes of the mortgagor in the bank were usurious or not. Rich was not the Bank of Attica, either in fact or in law.

The mortgagor was not a borrower of Rich, except in the transaction out of which the mortgage grew, and in that transaction he obtained the full amount, in money or its equivalent, of his bond and mortgage. Before that he had been a borrower of the bank, and not of Rich. If the debt to the bank was usurious, the mortgagor had his option whether he would pay it or not. He might lawfully pay it, if he elected so to do, as it seems he did. There is no rule of law which makes it unlawful, or usurious, in a lender, to loan to a borrower money to pay the usurious debt of such borrower to another, if the loan is otherwise free from usury. Where a new security is given to the same lender, to secure an usurious debt previously contracted, it will partake of the taint of the original debt, even though given by a third person, if there is no other consideration than the original usurious indebtedness

(*Vickey* v. *Dickson*, 35 Barb., 96; *Bell* v. *Scutt*, 24 Wend., 230.)

Here, however, the mortgage is given by the borrower of the bank to a third party; and upon receiving from such party the full face of the bond and mortgage in money belonging to him. There is no element of usury in such a transaction.

The mortgage could only be held to be usurious upon the ground that it was, in fact, given to secure the original usurious indebtedness, which does not appear to be this case. There is no evidence upon which such a state of facts could properly have been found. Doubtless it was for the interest of Rich to have the bank debt paid. But that is of no consequence, except as a circumstance in the way of evidence to prove that the transaction, though in form a loan by Rich, was, in fact, but taking a new security for the old indebtedness to the bank. But this could scarcely be the case, as there is no dispute that the debt to the bank was paid and satisfied with the money obtained from Rich, and nothing left but the new bond and mortgage to Rich.

It would require very strong evidence in such a case to prove that Rich was a mere assignee of the original debt from the bank.

There was no legal privity between Rich and the bank in the transaction in question, so far as the evidence goes.

The case was properly disposed of by the referee, and the judgment must be affirmed with costs.

Judgment affirmed.