## SARAH SHERWOOD, RESPONDENT, *v.* THOMAS O. ARCHER AND EMILY E. ANDERSON, APPELLANTS.

*Usury — substitution of new note for old one — rights of bona fide holder.*

One Treadwell held an over-due promissory note given by the defendants which was void for usury. Treadwell being indebted to the plaintiff to the amount of the said note, a note was given by the defendants, payable to the order of the paintiff, and the same was subsequently delivered to her, she being ignorant that Treadwell had received any usurious interest from the defendants.

In an action by her upon the second note, *held,* that the plaintiff was entitled to recover; that the defendants, by making the note to her order, represented to her that the transaction in which it was given was a lawful one, and that they were estopped to deny the truth of this representation. (DYKMAN, J., dissenting.)

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the County Court of Westchester county without a jury.

The action was brought upon a promissory note given by the defendants. The defense was usury.

*Eugene Archer,* for the appellants.

*Amherst Wight, Jr.,* for the respondent.

GILBERT, J.:

The evidence given upon the trial not being before us, we must take the findings of the court below upon questions of fact as conclusive. One of these findings is, that the note in suit was given

HUN—VOL. X.    10

in renewal of a previous usurious note made by the defendant Archer, payable to and held by one Treadwell. That Treadwell delivered the note in suit to the plaintiff, to whom by its terms it is payable, in payment of his indebtedness to her, amounting to $200; that the plaintiff received none of the usurious interest paid by Archer, and did not authorize Treadwell to receive, or know that he had received any illegal interest. The taking of the note in suit by the plaintiff, in payment of Treadwell's indebtedness to her, was a perfectly legitimate transaction, and constituted her a holder for value, and if she took the note in good faith and without notice of the usury in the previous note, those facts are sufficient to establish her right to recover upon it. By making the promise directly to the plaintiff, the defendants in fact represented to her that the transaction in which the note originated was a lawful one, and they are estopped to deny the truth of that representation. The release of Treadwell's indebtedness was a sufficient consideration for the defendants' promise, and the promise, having been made to one who was not privy to the usurious agreement between Treadwell and the defendants, upon a new and independent consideration, is valid, and not affected by such usurious agreement. The principle that a new security is infected with the taint which invalidated the former one, does not apply to an innocent holder of the new security, who took it directly from the debtor. (*Ellis* v. *Warnes*, Cro. Jac., 33; *Cuthbert* v. *Haley*, 8 T. R., 390; *Jackson* v. *Henry*, 10 Johns., 185; *Powell* v. *Waters*, 8 Cow., 691; *Holmes* v. *Williams*, 10 Paige, 329; *Aldrich* v. *Reynolds*, 1 Barb. Ch., 43.) The legal effect of the transaction is the same as if the defendants had borrowed of the plaintiff the money wherewith to pay the usurious note held by Treadwell, and had given the note in suit therefor. An argument that a lender of money cannot recover on such a note, because the money loaned was used to pay a usurious debt of the maker of the note, would hardly be listened to. Although the means furnished by the plaintiff by which the debt of the defendants to Treadwell was paid were not in the form of money, yet they were equally efficacious, and the promise of the defendants should be held equally valid and binding. (*Hawks* v. *Weaver*, 46 Barb., 164.)

It has been suggested that the transaction was a mere device to evade the statute of usury. The court below did not find that fact.

Those who allege illegal acts must prove them. In the absence of such proof, the legal presumption is that the fact alleged was not proved.

The intention of Mrs. Anderson to charge her separate estate for the payment of the note, sufficiently appears from the written declaration to that effect appended to the note. That declaration bears the same date as the note, and the court below, in effect, found that they were made and delivered at the same time. They, therefore, formed, together, but one instrument. It is not essential that such declaration should appear in the note itself. (*Corn Exchange Ins. Co.* v. *Babcock*, 42 N. Y., 613; *Manhattan Co.* v. *Thompson*, 58 id., 82.) The contract is a valid one, notwithstanding it was not made in the course of the separate business of Mrs. Anderson, nor for the benefit of her separate estate, and it may be enforced as a legal liability. (42 N. Y., *supra; First Nat. Bank* v. *Garlinghouse*, 53 Barb., 615; *Ainsley* v. *Mead*, 3 Lans., 116; *Monilaws* v. *Andrews*, 8 Hun, 65.)

The judgment should be affirmed.

DYKMAN, J. (dissenting):

On the 3d day of June, 1874, Thomas O. Archer, the defendant, executed and delivered to Devoe Treadwell his promissory note for $200, payable five months after date, with interest, and received from Treadwell for the note $180 only. When this note became due Archer requested an extension of time for its payment, and, to procure the same, executed and delivered a new note to Treadwell for $200, and paid to him the interest on the first note and a bonus of ten dollars. Both of these notes were payable to Treadwell's own order, and, when the second note became due, Archer applied for another extension of time, which was granted upon Archer giving the following note to Treadwell:

" WHITE PLAINS, *April* 2, 1875.

" Six months from date, for value received, we severally and jointly promise to pay Sarah Sherwood two hundred dollars, with lawful interest.

" THOMAS O. ARCHER.
" EMILY E. ANDERSON.

" I, Emily E. Anderson, one of the makers of this the above note, being a married woman, do hereby charge my separate estate with the payment of the above note.

" Dated *April* 2, 1875.

           " EMILY E. ANDERSON."

Treadwell was indebted to the plaintiff, and after he had received this note he delivered it to her, and she brought this action upon it in the County Court. The cause was tried without a jury, and the county judge has found the facts as they are here stated, and gave a judgment in favor of the plaintiff for the full amount of the note against both of the defendants.

The case now comes into this court upon appeal from that judgment. No case has been made, and we have nothing before us but the judgment roll, containing the findings and the exceptions of the defendants thereto. ·

From the foregoing statement it appears that the note in suit was given in substitution of the liability of Thomas O. Archer upon the second note, which was usurious in its inception, and was, therefore, only the continuance of a usurious loan, which had been aggravated by two renewals. It is true this note was taken in the name of the plaintiff, and if this device can be made to succeed, then the usury laws will soon be trampled under the feet of the avaricious money-lender. Extortion will become rampant in the land, and the legislation for the suppression of this evil will become a by-word and a reproach.

The vigilant eye of a court of justice is not to be turned aside by so simple a make-shift or a simple change of papers. The real facts in the transaction must control.

In such a case as this, where the first security is tainted with usury, no matter how often it may be renewed, nor in whose name or in what form the renewals may be, they are all corrupted by the same taint of usury, and are all void. ( *Walker* v. *Bank of Washington*, 3 How. [U. S.], 62 ; *Tuthill* v. *Davis*, 20 Johns., 285 ; *Bridge* v. *Hubbard*, 15 Mass. Rep., 96.) Neither is the fact that the plaintiff was not privy to the usurious bargain of any importance. (*Bridge* v. *Hubbard, supra ; Vickery* v. *Dickson*, 35 Barb., 96 ; *Jacks* v. *Nichols*, 5 N. Y., 178.) As this judgment must, therefore, 'be

reversed on this first ground, it will be unnecessary to consider the case in respect to the liability of the defendant Emily E. Anderson.

The judgment should be reversed and new trial granted, with costs to abide the event.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment of County Court affirmed, with costs.