JOHN F. KILNER, RESPONDENT, *v.* JEREMIAH O'BRIEN AND ESTHER E. O'BRIEN, IMPLEADED, ETC., APPELLANTS.

*Usury — effect of payment of the original obligation by a new one.*

The defendants executed a bond and mortgage for $400 upon an usurious consideration to one Stanton, by whom it was assigned. It was subsequently purchased by one Mrs. Bland, who paid full value for it and had no notice of the usury. Thereafter the defendants executed a new mortgage for $600 to Mrs. Bland, the consideration for which was the amount due upon the $400 mortgage and money then advanced, sufficient to make $600 in all.

In an action to foreclose the $600 mortgage, brought by an assignee of Mrs. Bland, *held*, that the mortgage was valid, and that it could not be impeached on account of the usury in the original mortgage.

APPEAL from a judgment of the Orleans County Court in favor of the plaintiff, entered upon the report of the referee. The action was brought to foreclose two mortgages. The defense was usury.

*J. Van Voorhis*, for the appellants.

*Childs & Pitts*, for the respondent.

SMITH, J. :

It may be assumed from the uncontradicted testimony of the defendants, O'Brien and wife, that the $400 mortgage executed by them to Stanton was given for a usurious consideration. The mortgage was transferred by successive assignments from Stanton to Mrs. Bland, who paid full value for it, and took it without notice that it was usurious. Subsequently, as the referee found, the defendants paid and took up the Stanton mortgage by executing to Mrs. Bland a new mortgage for $600, the consideration of which was the amount then due upon the Stanton mortgage, and, in addition thereto, a sum of money advanced by Mrs. Bland to the O'Briens sufficient to make the sum of $600 in all. The latter mortgage was assigned by Mrs. Bland to the plaintiff, and is one of the mortgages in suit.

The referee held that Mrs. Bland having purchased the Stanton mortgage without notice of the usury, and having paid full value for it, the new mortgage taken by her and for which she paid an additional consideration is not affected by the usurious character of the Stanton mortgage. That ruling presents the principal question in the case.

If a security is tainted with usury in its creation the same security is void, even in the hands of a *bona fide* holder. (*Thompson* v. *Berry*, 3 Johns. Ch., 395; S. C. affid., 17 John., 436.) Any new security given to the lender in exchange for such usurious security, or into which the latter enters as a consideration, is also infected with the usury and is void; *Jack* v. *Nichols* (1 Seld., 178); *McCraney* v. *Alden* (46 Barb., 272); S. C. *sub. nom.*; *Cope* v. *Wheeler* (41 N. Y., 303); even though the new security is given by a third person, a stranger, if it is without any new

consideration; *Tuthill* v. *Davis* (20 Johns., 285); *Vickery* v. *Dickson* (35 Barb., 96), and the original taint attaches to every such successive security however remote. (*Dunning* v. *Merrill*, Clarke's Ch. R., 259.)

But, if the usurious obligation be transferred to an innocent holder and he receive directly from the debtor a new one in its stead, such new obligation cannot be impeached for usury in the original. (*Cuthbart* v. *Haley*, 8 T. R., 390; *Jackson* v. *Henry*, 10 Johns., 185; *Powell* v. *Waters*, 8 Cow., 669, 691, 696; *Kent* v. *Walton*, 7 Wend., 256; *Holmes* v. *Williams*, 10 Paige, 326; *Aldrich* v. *Reynolds*, 1 Barb. Ch. R., 43; *Smedberg* v. *Simpson*, 2 Sandf. Sup. Ct. R., 85; *Sherwood* v. *Archer*, 10 Hun, 73.) The ruling of the referee is sustained by the principle last stated.

The exceptions taken to rulings of the referee upon questions of evidence are of no moment.

The judgment should be affirmed, with costs.

Present — TALCOTT, P. J., SMITH and HARDIN, JJ.

Judgment and order affirmed with costs.