CENTRAL NATIONAL BANK, Appellant, v. W. A. COOPER et al., Respondents.

**Kansas City Court of Appeals, November 5, 1900.**

1. **Conflict of Laws: PLACE OF PERFORMANCE: PROMISSORY NOTE: INTEREST.** The place of performance of a contract in the absence of an attempt to evade the laws, furnishes the law governing the terms of a contract; and so a note payable in Kansas is a Kansas contract, though executed in Missouri; and is not usurious though it bear 10 per cent interest, that rate being unlawful in Missouri and valid in Kansas.

2. ————: **PROMISSORY NOTE: MORTGAGE: USURY.** The situs of a debt is not lost in the situs of the security, and a mortgage made in Missouri on property located in Missouri to secure the payment of a Kansas note is not usurious, and does not come under the ban of the statute.

Appeal from the Sullivan Circuit Court.—*Hon. J. P. Butler,* Judge.

REVERSED AND REMANDED.

*W. H. H. Piatt, J. M. Campbell, Calfee, Swanger & Calfee, Meservey, Pierce & German* for appellant.

(1) The court erred in holding as a matter of law that plaintiff exacted or received usury. Webb on Usury, sec. 256; Arnold v. Potter, 22 Iowa 194; Townsend v. Riley, 46 N. H. 300; Bank v. Young, 37 Mo. 407; Green v. Kennedy, 6 Mo. App. 577. (2) It is well settled that it is competent for parties to contract in good faith for the payment of a debt in another state with a higher rate of interest allowed there;

and such contract will be enforced even in the state where it was made. Webb on Usury, sec. 256; 27 Am. and Eng. Ency. of Law, 972; Long v. Long, 141 Mo. 352; B. & A. Ass'n v. Tinsley, 31 S. E. Rep. 508; Bank v. Auze, 21 So. Rep. 754; Hieronymus v. B. & L. Ass'n, 101 Fed. Rep. 12; Andrew v. Hoxie, 5 Tex. 171; Arnold v. Potter, 22 Iowa 194; Robb v. Halsey, 19 Miss. 140; Butler v. Edgerton, 15 Ind. 15; Kellogg v. Miller, 2 McCrary (U. S.) 395; 27 Am. and Eng. Ency. of Law, 974; 27 Am. and Eng. Ency. of Law, p. 973; Life Ins. Co. v. Simons, 52 Mo. App. 357. (3) The court committed no error in admitting the mortgage in evidence.

*Wilson & Clapp* for respondent.

(1) All interest taken for the use or loan of money or rather commodity above the rate of eight per cent per annum is usurious. R. S. 1899, sec. 3706; R. S. 1899, sec. 3708. (2) On the trial of an action for possession of mortgaged property, proof that the mortgage was taken to secure an indebtedness on which usurious interest had been received or exacted renders the mortgage invalid and illegal. R. S. 1899, sec. 3710; Voorhis v. Staed, 63 Mo. App. 370; Johnson v. Simmons, 61 Mo. App. 395. (3) The mortgage was executed and delivered in Missouri. The parties to it were residents of Missouri. The property was all in Missouri, and was to remain on the farm until the debt was paid unless marketed, when it was to be shipped and sold at the Stock Yards at Kansas City, Missouri. If sold under the mortgage it was to be sold at the Kansas City, Missouri Stock Yards. It was therefore a Missouri contract to be wholly performed in Missouri. And it is now sought to enforce this contract in the Missouri courts. (4) Matters bearing upon the execution, the interpretation and validity of a contract are deter-

mined by the law of the place where the contract is made. Matters connected with its performance are regulated by the law prevailing at the place of performance. Matters respecting the remedy, such as bringing of suits, etc., depend upon the law of the place where the suit is brought. Scudder v. Bank, 91 U. S. 406; Ruche v. Buck, 124 Mo. 178.

ELLISON, J.—This is an action of replevin for the recovery of six head of horses. The court directed a verdict for defendant at the close of plaintiff's case and the latter took a nonsuit. Plaintiff's motion to set this aside being overruled it appeals to this court.

Plaintiff's title depends upon the validity of a chattel mortgage. It appears that defendant W. A. Cooper in Sullivan county, Missouri, where he resides, gave his note to Olinger & Loyd or order for $1,273 with ten per cent from maturity. This note purports to be dated at Kansas City, Kansas, and is payable at a bank in Kansas City, Kansas. It was secured by a chattel mortgage on some cattle of W. A. Cooper. The note was afterwards sold by Olinger & Loyd to the plaintiff bank. When the note became due defendant W. A. Cooper was not ready to pay it and a new note for the amount with interest and some other amounts for expenses, etc., added. This note was executed by defendant W. A. and his brother John A. Cooper at Sulivan county, Missouri, though it is dated as of Kansas City, Missouri, and is payable at a bank in Kansas City, Kansas, and drew ten per cent interest. A new chattel mortgage executed in Sullivan county, Missouri, was given to secure the latter note which included the horses in suit, they being the property of John A. Cooper and put in in addition to the cattle in the first mortgage.

It further appears that the cattle have been sold and the

proceeds applied on the note. Defendant John A. Cooper contends the mortgage is void as to his horses and relies on the mortgage being usurious.

The law in this state is that a greater rate of interest than eight per cent is usurious—sections 3706, 3708, Revised Statutes 1889—and a mortgage securing a usurious rate is invalid. R. S. 1889, sec. 3710. In Kansas, the rate may be ten per cent. So, therefore, if the mortgage is to be governed by the Missouri law it is invalid; if by the Kansas law, it is a valid transfer of the property.

The record does not show where the first note and mortgage were executed, though the note is dated in Kansas and is payable in that state. Nothing is shown as to the mortgage. The record shows the second note and mortgage were dated and executed in Missouri, though the note is payable at a bank in Kansas. The record does not show where Olinger & Loyd and the Missouri, Kansas & Texas Commission Co. resided. The record does not show that the note was made payable in Kansas in order to evade the interest laws of Missouri.

In our opinion the trial court erred as to the law of the case on the foregoing facts. It is frequently said that a contract is governed by the law of the place where it is made. But this is a general expression made mostly by those who regard the place of performance as in reality the place of making. At any rate, the place of perfomance, in the absence of an attempt to evade, furnishes the law governing the terms of the contract. Story on Conflict of Laws, secs. 280, 242; Wharton on Conflict of Laws, secs. 398-402. The mere fact that the contract is dated at one place does not conclude the question of where it is to be performed. Wharton's Conflict of Laws, sec. 411. Especially is this true when the contract clearly names another place. The rule just stated is applied to contracts for the payment of money with rates of interest

different from that of the place of executing the note.    Story on Conflict of Laws, secs. 301a, 301b, 304, 304a, 305, 306.

2.    This case presents this further question:   Does the fact that the mortgage was made in Missouri by residents of this state alter the rule as to which law governs?   We think it does not.   If the note, payable in Kansas, is valid as to the rate of interest, though higher than allowed in Missouri, then it ought logically to follow that the mortgage, a mere incident of the debt, the principal thing, ought not to be declared invalid.    Otherwise there would be a disability laid upon this class of contracts.   "The *situs* of the debt is not lost in the *situs* of the security.    The debt is governed by the law of the domicil of the party to whom it is due, no matter where its security may be situated."   Wharton's Conflict of Laws, sec. 368; Id., 292.

In writing on this subject, Story says:

"And in cases of this sort it will make no difference that the due performance of the contract is secured by a mortgage or other security upon property situate in another county where the interest is lower.    For it is collateral to such contract and the interest reserved being according to the law of the place where the contract is made and to be executed, there does not seem to be any valid objection to giving collateral security elsewhere to enforce and secure the due performance of a legal contract."    Conflict of Laws, secs. 293, 287, 304, 305.    Adjudicated cases state the law in the same way.    Cope v. Alden, 53 Barb. 350; Kanavaugh v. Day, 10 R. I. 393; Chase v. Dow, 47 N. H. 405; DeWolf v. Johnson, 10 Wheat. 367, 383.

The statute of this state only invalidates mortgages which secure usury and since it is clearly the law that a rate of interest legal and higher in the state where the debt is to be paid than is allowed in the state where the contract was signed and delivered, is not usury; it follows that the mort-

gage does not come under the ban of the statute.    Under the foregoing views the plaintiff's mortgage should not have been declared invalid.

The judgment will be reversed and the cause remanded. All concur.